UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY DALE BARGER, aka, GARY FRANCIS FISHER (CDCR No. F-85263), | No. 2:14-cv-2311 DAD P |
| Plaintiff, | |
| v. | ORDER |
| DIRECTOR OF OPS OF CDCR, | |
| Defendant. | |

Plaintiff Gary Dale Barger, also known as Gary Francis Fisher, is a state prisoner proceeding without counsel with a civil rights complaint filed pursuant to 42 U.S.C. § 1983. Plaintiff seeks leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This action is referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), Local Rule 302(c), and Local General Order No. 262.

Review of court records[1] reveals that plaintiff is designated a "three strikes litigant" under 28 U.S.C. § 1915(g), which provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or

---

[1] Judicial notice may be taken of court records. Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n.1 (N.D. Cal. 1978), aff'd, 645 F.2d 699 (9th Cir. 1981).

1

> fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Such a designation indicates that plaintiff has brought three or more prior actions that were dismissed as frivolous, malicious, or for failure to state a claim, and precludes plaintiff from proceeding in forma pauperis in the present action unless he demonstrates that he was under imminent danger of serious physical injury when he filed the complaint.

The undersigned notes that plaintiff has been denied in forma pauperis status due to his three-strikes designation in at least five prior cases,[2] which together cite several cases in which plaintiff's complaints were dismissed as frivolous, malicious or for failure to state a claim.  This court has reviewed the basis of the findings in those cases and concurs that plaintiff has suffered at least three prior strike dismissals as defined by 28 U.S.C. § 1915(g).[3]

As a three strikes litigant, plaintiff may not proceed in forma pauperis in the present action unless he demonstrates that he was "under imminent danger of serious physical injury" when he filed his complaint.  28 U.S.C. § 1915(g). The imminent danger exception applies only if it is clear that the danger existed when the complaint was filed.  Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007).  The danger must be real and proximate, Ciarpaglini v. Saini, 352

---

[2] See Fisher v. Director of OPS of CDCR, Case No. 2:14-cv-1323 EFB TLN P (E.D. Cal., Aug. 5, 2014) (ECF No. 17); Barger v. Kern County Superior Court et al., Case No. 1:14-cv-01071 DLB P (E.D. Cal., Aug. 13, 2014) (ECF No. 12); Barger v. Kern County Superior Court et al., Case No. 1:14-cv-01667 LJO SAB P (E.D. Cal., Oct. 29, 2014) (ECF No. 11); Barger v. Kern County Superior Court et al., Case No. 1:14-cv-01628 LJO DLB P (E.D. Cal., Nov. 5, 2014) (ECF No. 10); Barger v. Director of OPS of CDCR, Case No. 2:14-cv-2525 KJN P (E.D. Cal., Nov. 12, 2014) (ECF No. 11).  The court also takes judicial notice of the National Pro Se Three-Strikes Database, which designates plaintiff a three-strikes litigant based on the above-noted order and findings in Fisher v. Director of OPS, Case No. 2:14-cv-1323 EFB TLN P (E.D. Cal., Aug. 5, 2014) (ECF No. 17). See http://nprose.circ9.dcn/Litigant.aspx.

[3] The undersigned takes judicial notice of the following cases which count as strikes against plaintiff under § 1915(g):  (1) Fisher v. FBI, Case No. 1:13-cv-0414 LJO SAB P (E.D. Cal. 2013) (dismissed on July 26, 2013, for failure to state a claim (ECF No. 19)); (2) Barger v. FBI, Case No. 1:13-cv-0535 DLB P (E.D. Cal. 2013) (dismissed on November 21, 2013, for failure to state a claim (ECF No. 10)); (3) Barger v. Casey et al., Case No. 2:13-cv-8889 UA MAN P (C.D. Cal. 2013) (dismissed December 20, 2103, as frivolous, malicious or fails to state a claim, and sought relief from an immune defendant (ECF No. 6)); and (4) Fisher v. Bivens, Six Unknown Agents, Case No. 2:14-cv-01439 UA MAN P (C.D. Cal. 2014) (dismissed on March 6, 2014, for failure to state a claim (ECF No. 2)).

2

1  F.3d 328, 330 (7th Cir. 2003), and must be ongoing, <u>Andrews</u>, 493 F.3d at 1056.  Allegations of
2  imminent danger that are overly speculative or fanciful may be rejected.  <u>Id.</u> at 1057 n.11.  Absent
3  a showing that plaintiff was under imminent danger of serious physical injury at the time he filed
4  his complaint, his only option for proceeding with this action is to pay the full filing fee.

5  Plaintiff is currently incarcerated at the California Health Care Facility in Stockton.  In the
6  complaint now pending before the court, plaintiff alleges that, on November 27, 2013, he was
7  "punched into a coma" by another inmate, and now suffers from "a bit of partial paralysis," a
8  speech impairment and "unmeasurable" pain.  (ECF No. 1 at 3.)  Plaintiff alleges that "because of
9  this lawsuit, the trust office neglects my beckoning need for IFPs,[4] and will not fill out a single
10 IFP for me . . . . And . . . they cut me off from my legal supplies for 6 months until May of
11 2014."  (<u>Id.</u>)  Plaintiff describes the relief he seeks in this action as follows:  "I must say
12 420,000,000.00 that would cover my agony."  (ECF No. 1 at 3).  Because plaintiff has named the
13 "Director of 'Ops' of CDCR" as the sole defendant in this action it appears that his complaining
14 about the fact that prison officials are not completing in forma pauperis applications for him as
15 requested.  In any event, regardless of the precise claim plaintiff is attempting to bring in this
16 action, it is clear that plaintiff does not allege in his complaint that he faces imminent danger of
17 serious physical injury.  Therefore, plaintiff may not proceed in forma pauperis in this action.
18 Rather, in order to proceed with this action, plaintiff must submit the appropriate fee of $400.00
19 ($350.00 filing fee plus $50.00 administrative fee).

20 In accordance with the above, IT IS HEREBY ORDERED that:

21 1.  The court's order filed October 17, 2014 (ECF No. 7), granting plaintiff leave to file a
22 new application to proceed in forma pauperis,[5] is vacated.

23 2.  Plaintiff's September 26, 2014, motion to proceed in forma pauperis (ECF No. 2) is
24 denied.

---

[4] The court also notes that plaintiff has filed over 30 actions in this court in the 2014 calendar year.

[5] In a "letter" filed after the court issued the October 17, 2014 order, plaintiff stated that he is unable to pay the filing fee; however, plaintiff did not submit a new application to proceed in forma pauperis.  (<u>See</u> ECF No. 9.)

3

3. Plaintiff shall, within twenty-one days from the date of this order, submit the appropriate fee of $400.00 ($350.00 filing fee plus $50.00 administrative fee).

4. Plaintiff's failure to timely comply with this order will result in a recommendation that this action be dismissed.

Dated: December 2, 2014

*Dale A. Drozd*
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
barg2311.1915g